UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH  ) <br> OF THE OFFICE/WORKSPACE  ) <br> ASSIGNED TO AMARO GONCALVES  ) <br> AT SIG SAUER, INC., 72 PEASE BLVD.,  ) <br> NEWINGTON, NEW HAMPSHIRE,  ) <br> INCLUDING MR. GONCALVES'  ) <br> OFFICE/WORKSPACE, ANY  ) <br> ELECTRONIC DEVICES IN THAT  ) <br> SPACE AND ANY INFORMATION  ) <br> LOCALLY STORED ON THOSE  ) <br> DEVICES IN RE 2017R00336  ) <br> _____ | Case No. 1:19-mj-193-AJ <br><br><br> Filed Under Seal – Level II |

MOTION TO EXTEND SEAL AT LEVEL II: ENTIRE MATTER
RELATED TO APPLICATION FOR SEARCH WARRANT

In the above captioned case, the United States of America respectfully moves to extend the seal at Level II, the entire matter related to the Application for a Search Warrant, including the application, the supporting affidavit, any search warrant that may issue, the resulting return, this motion, and the corresponding docket text entries for **180 days,** expiring on **March 8, 2023,** except that the government may later disclose these materials to comply with its discovery obligations under the local rules.

Under Federal Rule of Criminal Procedure 49.1(d) and Local Rule 83.12(a)(1), the Court has authority to grant this motion.

The Court should extend the seal of these documents because they contain sensitive information, which, if prematurely released, may compromise an ongoing criminal investigation. Specifically, the application contains information identifying targets of the investigation. Investigators believe that those targets are unaware that they are considered suspects or are unaware of the incriminating evidence investigators have gathered against them. Should

Motion To Extend Seal of Entire Matter Related to Search Warrant
Page 2 of 2

information identifying those targets and the evidence against them be released, it may cause them to flee, destroy evidence, or change their patterns of behavior.

    This motion is not intended to preclude the executing officer from serving a copy of the application and a receipt for any property seized as required by Federal Rule of Criminal Procedure 41(f)(1)(C).

                                                                    Respectfully submitted,

                                                                    JANE E. YOUNG
                                                                    United States Attorney

Dated: September 9, 2022                     By: /s/ Jarad E. Hodes
                                                                        Jarad E. Hodes
                                                                        Assistant United States Attorney